UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                          **19 CV 1215 (RJD)(LB)**

  -against-

SHEILA PHILLIP, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
and LISA PHILLIP-ROGERS, *also known as*
*Lisa Phillip*,

                Defendants.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff, Freedom Mortgage Corporation ("Freedom"), brings this diversity action against defendants, Sheila Phillip, Lisa Phillip-Rogers, and the New York City Environmental Control Board ("ECB"), seeking to foreclose on a mortgage encumbering certain real property located at 89-42 219th Street, Queens Village, New York, 11427 (the "property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. When defendants failed to respond to the complaint after being served with process, plaintiff requested and the Clerk of Court noted entry of defendants' default. ECF Nos. 7–11. Plaintiff now moves for a default judgment. ECF No. 12. The Honorable Raymond J. Dearie referred plaintiff's instant motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b).[1] It is respectfully recommended that plaintiff's motion for a default judgment should be granted in part and denied in part, and that plaintiff should be awarded damages and additional relief as set forth herein. Plaintiff should also be granted leave to supplement the record within fourteen days of this Report.

---

[1] Judge Dearie granted plaintiff's motion for a default judgment against defendants on liability. Electronic Order dated July 17, 2019. However, to provide context for the Court's damage calculations, I also address liability.

1

## BACKGROUND[2]

Phillip and Phillip-Rogers executed a mortgage in the amount of $376,475.00 on the property which was recorded with the City Register of the City of New York, Queens County ("City Register") on March 14, 2016. ECF No. 1, Complaint ("Compl.") ¶ 11. Phillip and Phillip-Rogers also executed a mortgage in the amount of $4,752.70 on the property which was recorded with the City Register on January 17, 2017. Id. ¶ 12. Defendants consolidated these mortgages by executing a Consolidated Note ("Note") and a Consolidation, Extension and Modification Agreement ("CEMA") on November 7, 2016 "to form a single lien in the amount of $376,956.00." Id. ¶¶ 10, 13. Defendants recorded the CEMA on January 17, 2017 with the City Register. Id. at ¶ 13. The consolidated mortgage ("Mortgage") was assigned to plaintiff on February 18, 2019, and recorded with the City Register. Id.; ECF No. 1-3 at 43–44.

Plaintiff alleges that Phillip and Phillip-Rogers "failed to make payment[s] in accordance with the terms of the Note and Mortgage by not making the payment that was due on August 1, 2018 and subsequent payments." Compl. ¶ 14. Plaintiff alleges that Phillip and Phillip-Rogers owe $364,078.48 plus interest which began accruing on July 1, 2018, in addition to other assessments and reasonable attorney's fees. Id. ¶ 15.

## PROCEDURAL HISTORY

Plaintiff commenced this foreclosure action against defendants on March 1, 2019. ECF No. 1. Summonses were returned executed on defendants on April 5, 2019. ECF Nos. 7–9. When defendants failed to respond to plaintiff's complaint after being properly served, plaintiff requested and the Clerk of Court noted entry of the defendants' default pursuant to Rule 55(a) of the Federal

---

[2] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purposes of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

Rules of Civil Procedure. ECF Nos. 10–11. Plaintiff now moves for a default judgment against defendants pursuant to Rule 55(b)(2). ECF No. 12. Plaintiff's motion attaches the CPLR §3012-b Certificate of Merit (including a copy of the Note, Mortgage, Assignment of Mortgage, and CEMA), ECF No. 13-2; a copy of the notice and filing requirements set forth in the RPAPL §§ 1304 and 1306, ECF No. 13-5; an attorney's fee declaration ("Rosenfeld Decl."), ECF No. 13-9; a statement of damages, ECF No. 13-10; a proposed Judgment of Foreclosure and Sale, ECF No. 13-11; and plaintiff's affidavit ("Tracy Aff."), ECF No. 13-12. On August 15, 2019, plaintiff supplemented its motion with a memorandum of law. ECF No. 16 ("Memo").

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A plaintiff may then move for a default judgment against a defendant. Fed. R. Civ. P. 55(b)(2). If a defendant fails to appear or move to set aside the default under Rule 55(c), the Court may enter a default judgment on plaintiff's motion. Id.

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Finkel, 970 F. Supp. 2d at 119. Even though the well-pleaded allegations are deemed admitted, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (citation omitted). If the unchallenged facts establish defendant's liability, the Court then determines the amount of damages due. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

Under New York law, a plaintiff in a foreclosure action must demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment" on the loan secured by the mortgage.[3] Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citations omitted); see also United States v. Leap, No. 11 CV 4822 (DRH)(WDW), 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), adopted by, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.") (citations omitted).

---

[3] The Mortgage at issue herein contains a choice of law clause which provides that "[t]his Security Instrument is governed by federal law and the law of New York State." ECF No. 1-3 at 36.

4

Furthermore, a plaintiff must also demonstrate compliance with the notice and filing requirements of RPAPL §§ 1304 and 1306. N.Y. RPAPL § 1306(1) ("Each lender . . . shall file with the superintendent of financial services [the information set forth in RPAPL § 1306(2)] . . . as a condition precedent" to initiating any foreclosure proceeding); OneWest Bank, N.A. v. Simon, No. 14 CV 6622 (RJD), 2019 WL 1320275, at *11 (E.D.N.Y. Mar. 22, 2019) (Compliance with Section 1304 "is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.") (citation omitted).

## DISCUSSION

### I. Foreclosure and Sale

Plaintiff's allegations in the complaint and the attached exhibits establish that it is entitled to a default judgment against defendants. Plaintiff alleges that Phillip and Phillip-Rogers "failed to make payment[s] in accordance with the terms of the Note and Mortgage by not making the payment that was due on August 1, 2018 and subsequent payments." Compl. ¶ 14. Defendants' default triggered plaintiff's right to accelerate the loan to require full payment of the outstanding principal and interest due on the Note and Mortgage. ECF Nos. 1-3 at 23, 13-4. Plaintiff alleges that the due and owing amount on the Note and Mortgage is $364,078.48 with a 3.625% annual interest rate which began accruing on July 1, 2018, in addition to other assessments and reasonable attorney's fees. Compl. ¶ 15.

Plaintiff has filed the requisite documents, including the Note, the Mortgage, the CEMA, the assignment to plaintiff, and defendants' default history, to establish a *prima facie* case. ECF Nos. 13-1–13-8. Phillip and Phillip-Rogers have neither responded to the complaint nor rebutted plaintiff's *prima facie* showing that it is entitled to a default judgment. ECF No. 13-8.

Plaintiff has also complied with the pre-foreclosure notice and filing requirements of RPAPL §§ 1304 and 1306 requiring certain information to be sent to defendants and filed with the Superintendent of Financial Services.[4] ECF No. 13-5. Plaintiff's RPAPL § 1306 filing only lists defendant Sheila Phillips as a borrower. Id. at 41. In CIT Bank N.A. v. Schiffman, the Second Circuit recently considered whether a lender is required to list all borrowers on a loan in the RPAPL § 1306 filing on a motion for summary judgment. 948 F.3d 529, 535–37 (2d Cir. 2020). Defendants in Schiffman argued that CIT Bank failed to comply with RPAPL § 1306 because the statement to the Superintendent of Financial Services only listed one of the two defendants. Id. Finding a "lack of guidance from either the Court of Appeals or the Appellate Division," the Second Circuit certified a question to the New York Court of Appeals asking: "Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing include information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?"[5] Id. The New York Court of Appeals has accepted, but has not yet answered, the certified question. See Schiffman, 2020 N.Y. Slip Op. 62614, 2020 WL 729773 (N.Y. Feb. 13, 2020).

---

[4] Plaintiff states that the RPAPL § 1304 90-day pre-foreclosure notices were sent to defendants at "8942 219th St, Queens Village, NY 11427-2516" on September 12, 2018. Tracy Aff. at 2. However, the affidavit contains a typographical error as the notices were sent to defendants' address, "**89-42** 219th St, Queens Village NY 11427." ECF No. 13-5 at 11, 21. The Court also notes that the notices are dated September 6, 2018, but they was mailed on September 12, 2018. See id. at 11, 21 (United States Postal Service Certified Tracking Numbers 9214 8969 0043 7100 0802 0628 14 and 9214 8969 0043 7100 0802 0628 07). Plaintiff filed the statement pursuant to RPAPL § 1306 with the Superintendent of Financial Services on September 12, 2018. ECF No. 13-5 at 41. Thus, plaintiff complied with the timeliness requirement of RPAPL § 1306 to file the required information with the Superintendent of Financial Services "within three business days of the *mailing* of the notice required by [RPAPL § 1304]." N.Y. RPAPL § 1306(1) (emphasis added).

[5] The Second Circuit also certified a question regarding RPAPL § 1304 as follows: "Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?" Schiffman, 948 F.3d at 535. The Court finds that the certified question regarding RPAPL § 1304 does not affect the instant case.

Despite this pending certification, the Court may still enter a default judgment against defendants. The instant case is in a default judgment posture distinguishable from the summary judgment posture of Schiffman. As the requirements set forth in RPAPL §§ 1304 and 1306 are not jurisdictional, challenges to compliance with those sections must be raised by defendants. See Wilmington Savings Fund Society, FSB v. Chishty, 114 N.Y.S.3d 701, 701 (N.Y. App. Div. 2020) (Although RPAPL 1304 and 1306 "are conditions precedent to the commencement of a foreclosure action . . . the defendant failed to move to vacate her default in appearing or answering the complaint and, thus, is precluded from arguing that the plaintiff failed to comply with the applicable provisions of RPAPL 1304 and 1306[.]") (citations omitted); HSBC Bank USA v. Nat'l Assoc. v. Perry, 178 A.D. 3d 685, 686 (N.Y. App. Div. 2019) ("[A] failure to comply with the requirements of RPAPL 1303, 1304, and 1306 is not jurisdictional in nature[.]"); see also Wells Fargo Bank, N.A. v. Dara, — N.Y.S. 3d —, 2020 WL 717933, at *1 (N.Y. App. Div. Feb. 13, 2020) (discussing that plaintiff was not required to disprove defendant's untimely RPAPL §§ 1304 and 1306 defense and that failure to comply with RPAPL §§ 1304 and 1306 is not jurisdictional). Accordingly, because plaintiff has established Phillip and Phillip-Rogers' liability, it is respectfully recommended that a default judgment should be entered against Phillip and Phillip-Rogers.[6]

Plaintiff also requests that "[a] referee be appointed to sell the Property . . . in accordance with . . . RPAPL Article 13[.]" Compl. at 5. Specifically, plaintiff requests that the Court appoint Stephanie S. Goldstone, Esq. as the referee to conduct the sale of the property under the conditions

---

[6] In recent foreclosure cases, some judges have either denied motions for a default judgment without prejudice to renew or stayed the case pending the resolution of Schiffman. See Freedom Mortg. Corp. v. Monteleone, No. 19 CV 1410 (RJD)(SJB), ECF No. 20 (E.D.N.Y. Jan. 31, 2020); Freedom Mortg. Corp. v. Powell, No. 2:18 CV 4265 (ENV)(CLP), ECF No. 20 (E.D.N.Y. Feb. 13, 2020); Miss Jones, LLC v. Viera, No. 18 CV 1398 (NGG)(SJB), ECF No. 28 (E.D.N.Y. Jan. 29, 2020). Given the factual circumstances of this case, a stay is not necessary.

7

outlined in the proposed Judgment of Foreclosure and Sale. ECF No. 13-11 at 2. The appointment of a referee should be allowed where the plaintiff has "established a *prima facie* case[.]" E. Sav. Bank, FSB v. Evancie, No. 13-CV-00878 (ADS)(WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014); see also OneWest Bank, NA v. Raghunath, No. 14-CV-3310 (RJD)(MDG), 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), adopted sub nom., OneWest Bank, N.A. v. Raghunath, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (appointing Stephanie S. Goldstone, Esq. to be the referee in a similar context). Accordingly, I respectfully recommend that Stephanie S. Goldstone, Esq. should be appointed to be the referee to conduct the sale of the property under the terms set forth in the proposed Judgment of Foreclosure and Sale. ECF No. 13-11.

## II.     New York City Environmental Control Board

Plaintiff also names the ECB as a defendant as it is a "holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's mortgage." Compl. ¶ 5. "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" Bank of Am., N.A. v. 3301 Atl., LLC, No. 10 CV 5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" Id. (citations omitted). "Courts in this district have found that entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate where the complaint alleges 'nominal liability—i.e., that any judgments the Defaulting Defendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" E. Sav. Bank, FSB v. Whyte, No. 13-CV-6111 (CBA)(LB), 2015 WL

8

790036, at *3 (E.D.N.Y. Feb. 24, 2015) (quoting Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206 (JS)(ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009)).

Here, the complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor ECB. Compl. ¶¶ 5, 19–25. Therefore, it is respectfully recommended that a default judgment should be entered against defendant ECB. Cf. CIT Bank, N.A. v. Metcalfe, No. 15-CV-1829 (MKB)(JO), 2017 WL 3841843, at *6–7 (E.D.N.Y. Aug. 17, 2017), adopted by, 2017 WL 3841852 (E.D.N.Y. Sept. 1, 2017) ("Without detailed facts showing the particular nature of the interest in or lien on the real property[,] the conclusory allegations of the Complaint do not establish a claim against [the ECB] under New York law.") (internal quotation marks and citations omitted).

### III. Damages

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, except those relating to damages. Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). On a motion for a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, 109 F.3d at 111). An evidentiary hearing is not required; the Court may rely on detailed affidavits and other documentary evidence to determine damages. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991).

### a. Damages Due Under the Note

Plaintiff seeks $381,794.08 in damages, comprised of $364,078.48 in the unpaid principal balance; $12,387.29 in interest at a rate of 3.625% per year from July 1, 2018 through June 9, 2019; $481.32 in late charges; $1,727.00 in hazard insurance disbursements; $1,228.74 in tax disbursements; $1,891.86 in Primary Mortgage Insurance/Mortgage Insurance Premium ("PMI/MIP"); $170.00 for the cost of property inspection and preservation.[7] ECF No. 13-10; Tracy Aff. at 2–3.

In support of its claim for damages, plaintiff submits an affidavit from Erica Tracy, FCI Specialist III, who had "personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in plaintiff's record keeping systems." Tracy Aff. at 1. Tracy's affidavit includes a breakdown of the total amount due on the loan and accrued interest as of June 9, 2019, late charges, hazard insurance disbursements, tax disbursements, PMI/MIP, as well as inspection and preservation costs. Id. at 2–3.

### i. Unpaid Principal Balance

Plaintiff requests an unpaid principal balance of $364,078.48. ECF No. 13-10; Tracy Aff. at 2. Pursuant to the terms of the Note, defendants agreed to pay $376,956.00 in principal. ECF No. 1-3 at 3; Tracy Aff. at 1. The Note provides that in the event of defendants' default, plaintiff is entitled to the full amount of the outstanding principal of the loan within thirty days "after the date on which the note is mailed to them or delivered by other means." ECF No. 1-3 at 4. Tracy certifies that at the time of defendants' default on August 1, 2018, the outstanding principal balance was $364,078.48. Tracy Aff. at 2. This amount became due on November 4, 2018, thirty days after

---

[7] Plaintiff fails to explain why it credits defendants $170.61 in its request for $381,794.08 in damages. ECF No. 13-10.

plaintiff mailed defendants notice of their default. Id.; ECF No. 1-3 at 4 (upon defendants' default, plaintiff "may require [defendants] to pay immediately the full amount of Principal which has not been paid and all interest that [defendant] owe on that amount."); ECF No. 13-4. Plaintiff's allegations and the supporting documents[8] establish that defendants failed to make payments past August 1, 2018 on the unpaid principal balance. Compl. ¶¶ 14–15; Tracy Aff. at 2. Therefore, the Court recommends that plaintiff should be awarded a judgment against defendants in the amount of **$364,078.48** for the unpaid principal balance.

### ii. Interest

Plaintiff requests $12,387.29 in interest on the unpaid principal balance from July 1, 2018 to June 9, 2019. ECF No. 13-10; Tracy Aff. at 2. The Note provides that interest accrues on the unpaid principal balance at a rate of 3.625% per year. Compl. ¶ 15; ECF No. 1-3 at 22; Tracy Aff. at 2. Applying the 3.625% annual interest rate to the unpaid principal balance of $364,078.48, interest accrues at $36.16 per day.[9] ECF No. 13-11 at 2. There are 343 days between July 1, 2018 and June 9, 2019. Accordingly, I respectfully recommend that plaintiff should be awarded

---

[8] Plaintiff submitted the Note, the Mortgage, the CEMA, and the affidavit from Erica Tracy, FCI Specialist III, to establish the unpaid principal balance. ECF Nos. 1-3; Tracy Aff. Although "several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan," other courts have nonetheless held that such documents are sufficient to establish damages. Happy Homes, LLC v. Jenerette-Snead, No. 15-CV-01788 (MKB)(RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases where similar supporting documents were found sufficient to establish damages and cases where courts required additional documents); Raghunath, 2015 WL 5772272, at * 4 (plaintiff's unopposed affidavits attesting to the accuracy of the unpaid principal amount were sufficient to establish damages); United States v. Watts, No. 13-CV-3211 (ADS)(WDW), 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014), adopted by, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014) (plaintiff's unopposed affidavit stating the outstanding principal, along with the declaration of regularity and review of "all relevant documents," is sufficient to establish damages).

[9] "Daily interest is calculated as follows: daily interest rate = (outstanding principal * interest rate per annum)/365 days." CIT Bank, N.A. v. Seeram, No. 16 CV 2608 (RRM)(LB), 2017 WL 8220204, at *5 n.11 (E.D.N.Y. Feb. 15, 2017), adopted by, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018). Here, the daily interest rate = ($364,078.48 * .03625) / 365 = $36.16 per day.

**$12,402.88** in interest from July 1, 2018 through June 9, 2019, plus additional interest at a rate of **$36.16 per day** from June 10, 2019 until the Court enters judgment.[10]

### iii. Late Charges

Plaintiff seeks $481.32 in late charges. ECF No. 13-10 at 1; Tracy Aff. at 2. The Note states that if a monthly payment is more than fifteen days late, defendants must pay a late charge of 4.000% on the amount overdue. ECF No. 1-3 at 23. However, plaintiff fails to identify the months defendants allegedly incurred these late charges and fails to provide supporting documents.[11] Therefore, plaintiff's request for $481.32 in late charges should be denied without prejudice with leave to supplement its request within fourteen days of this Report.

### iv. Other Costs and Disbursements

Plaintiff also seeks to recover $1,727.00 in hazard insurance disbursements, $1,228.74 in tax disbursements, $1,891.86 in PMI/MIP, and $170.00 in property inspection and preservation costs, for a total of $5,017.60. ECF No. 13-10 at 1; Tracy Aff. at 2–3. Defendants are liable to plaintiff for "taxes and assessments[,]" "leasehold payments[,]" and "premiums for all insurance[,]" as well as "fees for services performed in connection with [defendants'] default . . . including . . . property inspection, and valuation fees." ECF No. 1-3 at 30–31, 36. Although plaintiff is entitled to these amounts, plaintiff fails to properly support its requests. Plaintiff merely lists these costs and disbursements and when they were incurred. Tracy Aff. at 2–3. These conclusory allegations are insufficient to justify an award for the requested amounts. Therefore,

---

[10] Plaintiff requests $12,387.29 in unpaid interest; however, plaintiff must have miscalculated its request. ECF No. 13-10; Tracy Aff. at 2. The Court multiplied the $36.16 daily interest rate by the 343 days between July 1, 2018 and June 9, 2019 to conclude that plaintiff is entitled to $12,402.88 in interest.

[11] Although the notice of default letter dated October 4, 2018 sent to defendants lists that $137.52 in late charges were incurred, ECF No. 13-4 at 1, 3, plaintiff does not provide documents to support that it is entitled to $481.32 in late charges.

plaintiff's request for $5,017.60 regarding unpaid hazard insurance disbursements, tax disbursements, PMI/MIP, and the property inspection and preservation costs should be denied without prejudice. Plaintiff should be granted leave to supplement its request within fourteen days of this Report. See Freedom Mortg. Corp. v. Elmore-Hernandez, No. 18-cv-1840 (DRH)(SIL), 2019 WL 2779320, at *5 (E.D.N.Y. May 8, 2019), adopted by, 2019 WL 2775620 (E.D.N.Y. July 2, 2019) (denying without prejudice plaintiff's unsubstantiated request to award $5,356.20 for tax, insurance, property inspections and preservation costs).

### b. Attorney's Fees and Costs

Plaintiff seeks attorneys' fees in the amount of $3,500.00 and $1,799.14 in costs. Rosenfeld Decl. at 1; ECF No. 13-10 at 2. Both the Note and Mortgage provide for the recovery of attorney's fees and costs. ECF No. 1-3 at 4, 37–39.

In the Second Circuit, the amount of attorney's fees to award a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable rate is "the rate a paying client would be willing to pay[,]" based on the "prevailing [hourly rate] in the community . . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008). "The burden rests with the prevailing party to justify the reasonableness of the requested rate[,]" and plaintiff's counsel "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." Hugee v. Kimso Apts., LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (internal quotation marks and citations omitted).

Here, plaintiff seeks attorney's fees in the amount of $3,500.00, which represents the flat fee charged by plaintiff's counsel in this matter. Rosenfeld Decl. at 1–2. Because of this flat-fee arrangement in foreclosure actions, plaintiff has not provided contemporaneous time records. Memo at 9. Rather, plaintiff's counsel provides a declaration explaining some of the work done on this case and the time he and his paralegal expended. Rosenfeld Decl. at 3–5; Memo at 10. In similar cases, courts in this District have denied fee requests where plaintiff failed to maintain contemporaneous time records. See CIT Bank, N.A. v. Dambra, No. 14 Civ. 3951 (SLT)(VMS), 2015 WL 7422348, at *8 (E.D.N.Y. Sept. 25, 2015), adopted by, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) (denying plaintiff's request for a $3,500.00 flat fee for foreclosure work and awarding only $90.00 for the time spent at a Court conference); OneWest Bank, N.A. v. Cole, No. 14-CV-03078 (FB)(RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015) (denying plaintiff's request for a $3,500.00 flat fee for foreclosure work). However, with flat-fee arrangements becoming more common, several courts have recognized attorney's fees can be awarded without contemporaneous time records. See Nationstar Mortg. LLC v. McCarthy, No. 16-CV-3063 (ADS)(AYS), 2019 WL 5694333, at *7 (E.D.N.Y. July 26, 2019), adopted by, 2019 WL 3798048 (E.D.N.Y. Aug. 13, 2019) (awarding a flat fee of $3,475.00) (citing cases); OneWest Bank v. Serbones, No. 14-CV-7281 (RJD)(MDG), 2016 WL 1295197, at *6–7 (E.D.N.Y. Mar. 7, 2016), adopted as modified by, 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016) (reducing attorney's flat-fee request of $3,500.00 by $1,000.00).

The Court recommends that plaintiff should be awarded an attorney's fee award despite the lack of contemporaneous time records. However, in light of how defendants' default has likely made this case less work than a "typical case," and absent further explanation, the Court recommends a reduced attorney's fee award of **$2,500.00**. See Incredible Foods Grp., LLC v.

14

Unifoods, S.A. De C.V., No. 14-CV-5207 (KAM)(JO), 2016 WL 4179943, at *6 (E.D.N.Y. Aug. 5, 2016) (reducing attorney's flat-fee request of $5,000.00 by 10% to account for the lack of contemporaneous time records) (citing cases where Courts made similar reductions); Raghunath, 2015 WL 5772272, at *6 (reducing attorney's flat-fee request to $2,500.00 absent contemporaneous time records in a similar default motion brought by plaintiff's counsel's firm).

Plaintiff requests $1,799.14 in costs. Plaintiff is entitled to be reimbursed for "all its costs and expenses in enforcing this Note[.]" ECF No. 1-3 at 4. "Courts typically award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" Kindle v. Dejana, 308 F. Supp. 3d 698, 705 (E.D.N.Y. 2018) (citation omitted). "However, the party seeking reimbursement of its costs carries the burden of providing the Court adequate substantiation in the form of receipts and other documents[.]" Id.

Plaintiff requests $400.00 for the civil case filing fee, $663.38 for the searches pursuant to C.P.L.R. § 8301(a)(10), $400.00 for cost of service of process, $35.00 for the clerk's fee for filing the Notice of Pendency pursuant to C.P.L.R. § 8018(d)(6), and $300.76 for "taxes advanced." ECF No. 13-10. Plaintiff establishes its request for $663.38 for the searches pursuant to C.P.L.R. § 8301(a)(10) and $400.00 for the cost of service of process with documentation. ECF No. 13-10 at 3–7. Furthermore, the Court may take judicial notice of the $400.00 for the civil case filing fee. See Elmore-Hernandez, 2019 WL 2779320, at *6 (taking judicial notice of the filing fee) (citation omitted). Although plaintiff should be awarded **$1,463.38** for the cost of the search, service of process, and the filing fee, the request for $35.00 for the clerk's fee for filing the Notice of Pendency pursuant to C.P.L.R. § 8018(d)(6) and the $300.76 for taxes advanced should be denied with leave for plaintiff to supplement the request within fourteen days of this Report. See id. (denying without prejudice plaintiff's request for certain costs for lack of documentary evidence).

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion for a default judgment against defendants Sheila Phillip and Linda Phillip-Rogers should be granted in part and denied in part as follows: plaintiff should be awarded **$364,078.48** for the unpaid principal balance due on the Note; **$12,402.88** for the interest accrued on the Note from July 1, 2018 through June 9, 2019, as well as any additional interest that accrues from June 10, 2019 until the entry of judgment at a rate of **$36.16 per day**; **$2,500.00** in attorney's fees; and **$1,463.38** in costs.

Plaintiff's request for $481.32 in late charges, $5,017.60 in unpaid hazard insurance disbursements, tax disbursements, PMI/MIP, as well as $335.76 in costs, should be denied without prejudice with leave to supplement its requests within fourteen days of this Report.

Furthermore, the Court should enter a default judgment in favor of plaintiff and against defendant New York City Environmental Control Board to foreclose its interests in the property.

I also recommend that the Court should order the foreclosure and sale of the property, 89-42 219th Street, Queens Village, New York, 11427 and should appoint Stephanie S. Goldstone, Esq. as the referee for the foreclosure and sale. Plaintiff is hereby ordered to serve a copy of this Report on the defendants at their last known addresses and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely

objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                    /S/
                                    LOIS BLOOM
                                    United States Magistrate Judge

Dated: March 2, 2020
       Brooklyn, New York